# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, <br><br> *Plaintiffs* <br><br> v. <br><br> ACI PAYMENTS, INC., ACI WORLDWIDE CORP., ACI WORLDWIDE, INC., <br><br> *Defendants*. | Civil Action No. 3:23-cv-02089-E |

# DEFENDANTS' REPLY IN SUPPORT OF THEIR
# MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

                                    **Page**

ARGUMENT ...................................................................................................................2

I.       The Court Should Dismiss Nationstar's Contract Claims..............................2

        A.       Nationstar Failed to Plead Privity of Contract Necessary for Its Breach of Contract and Indemnification Claims.................................2

        B.       Nationstar Failed to Plead Defendants Had Discretionary Authority, As Needed to State an Implied Covenant Claim ................3

II.     The Court Should Dismiss Nationstar's Tort Claims......................................4

        A.       The DTSA, TUTSA, TTLA, and CFAA Claims Fail Because Nationstar Pled that It Provided NPI to Defendants ...........................4

        B.       Nationstar Failed to Plead the Existence of Third Party Contracts, As Needed for Its Tortious Interference Claim ..................8

        C.       The Negligence and Gross Negligence Claims Fail Because Nationstar Did Not Plead Defendants Owed a Special Duty of Care...........................................................................................................8

        D.       The Economic Loss Doctrine Bars Nationstar's Tort Claims ............9

III.    The Complaint Should Be Dismissed for Group Pleading...........................10

CONCLUSION..............................................................................................................11

# **TABLE OF AUTHORITIES**

Page

**CASES**

*ACQIS LLC v. Lenovo Grp. Ltd.*,
  2022 WL 2705269 (W.D. Tex. July 12, 2022) ...................................................... 10

*Arkansas v. Wilmington Trust National Association*,
  2020 WL 1249570 (N.D. Tex. Mar. 16, 2020) ........................................................ 4

*Atrium Companies, Inc. v. ESR Assocs., Inc.*,
  2012 WL 5355754 (S.D. Tex. Oct. 29, 2012) .......................................................... 9

*BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*,
  2017 WL 2730739 (S.D. Tex. June 26, 2017) ......................................................... 7

*BRG Insurance Solutions LLC v. O'Connell*,
  2017 WL 7513649 (N.D. Tex. July 18, 2017) ......................................................... 6

*Compulife Software Inc. v. Newman*,
  959 F.3d 1288 (11th Cir. 2020) ............................................................................... 5

*Gines v. D.R. Horton, Inc.*,
  699 F.3d 812 (5th Cir. 2012) ................................................................................... 4

*Marek Vrother Sys. Inc. v. Enriquez*,
  2019 WL 3322162 (N.D. Tex. July 24, 2019) ......................................................... 8

*Sharyland Water Supply Corp. v. City of Alton*,
  354 S.W.3d 407 (Tex. 2011) ................................................................................... 9

*SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*,
  2021 WL 1226411 (E.D. La. Apr. 1, 2021) ........................................................... 10

*Suissi v. Wells Fargo Bank Nat'l Ass'n as Tr. for Soundview Home
  Loan Tr. 2007-OPT4, Asset-Backed Certificates, Series 2007-
  OPT4*,
  2023 WL 2700721 (N.D. Tex. Mar. 29, 2023)..................................................10

*Tuck v. Methanex Management, Inc.*,
  2006 WL 6581524 (N.D. Tex. Jan. 11, 2006).......................................................8

*Van Buren v. U.S.*,
  141 S.Ct. 1648 (2021)..........................................................................................6

*Variable Annuity Life Insurance Co. v. Coreth*,
  535 F. Supp. 3d 488 (E.D. Va. 2021) ..................................................................5

*White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*,
  947 F.3d 301 (5th Cir. 2020) ..........................................................................2, 8

**OTHER AUTHORITIES**

Rule 9(b)................................................................................................................10

Rule 12 ....................................................................................................................7

Nationstar assumes its allegations and entitlement to relief are undisputed. Not so. While Defendants dispute Nationstar's allegations, they will respond substantively at the proper time.

Defendants' Motion demonstrates that Nationstar omitted facts needed to sustain its claims and pled facts foreclosing certain of its other claims. Both defects justify dismissal, particularly because they undo Nationstar's federal claims and this Court's basis for subject matter jurisdiction. In response, Nationstar tries to buttress its pleadings with rhetoric and extrinsic sources, but its claims must be assessed on the factual allegations in the Complaint. Nationstar also downplays the conflict between its factual pleadings and legal theories on the basis that its invalid claims are pled "in the alternative." But alternative pleading does not allow Nationstar to pursue legal claims foreclosed by its own factual allegations. The presumption of truth cuts both ways.

For the reasons below and in Defendants' Motion, the Court should dismiss Nationstar's Complaint.

# ARGUMENT[1]

## I. The Court Should Dismiss Nationstar's Contract Claims

### A. Nationstar Failed to Plead Privity of Contract Necessary for Its Breach of Contract and Indemnification Claims

Nationstar concedes that it failed to plead the identity of its contractual counterparty but argues the omission can be overlooked because Nationstar alleged that "ACI assumed Speedpay's contractual rights and obligations." *See* Opp. 7. But Nationstar's own cited cases demonstrate that it failed to plead successor liability.

In *Renfro v. HCR Pool III Funding Corp.*, the plaintiff brought contract claims against two non-contractual parties that had purchased the assets of plaintiff's counterparty. The court explained that successor liability may attach to defendants only if they "expressly assume[d] the liability of the predecessor," 2006 WL 8437652, at *1 (N.D. Tex. Aug. 28, 2006), and dismissed plaintiff's claims because it omitted this allegation. *Id*. Nationstar's claims also fail because it does not allege which Defendant is Speedpay's successor or that one of the Defendants *expressly assumed* Speedpay's liabilities. Such specific pleadings are necessary to impose contractual liability on a non-contract party.

---

[1] Nationstar waives the argument in footnote 1 of its opposition. *See White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020) ("Arguments subordinated in a footnote . . . are waived."). And Nationstar has not requested leave to amend the Complaint if the Motion is granted, so the interests of judicial efficiency and deciding cases on their merits inherent in the Court's procedures would be served by considering Defendants' motion, not striking it.

Similarly, in *United States v. Vista Hospice Care, Inc.*, the court dismissed the plaintiff's contract claim because it failed to plead the "successor expressly or impliedly agree[d] to assume liabilities of predecessor, transaction is considered a *de facto* merger, successor is considered a 'mere continuation' of predecessor, or transaction was fraudulent." 2014 WL 12580020, at *1 (N.D. Tex. Aug. 4, 2014). The same should happen here. Nationstar does not allege that Speedpay merged into a Defendant, a Defendant is a "mere continuation" of Speedpay, or the Speedpay acquisition was fraudulent. Indeed, Nationstar *cannot* plead the necessary facts because "it does not know with certainty which entity assumed [Speedpay's] obligations." Opp. 5. If one of the Defendants were its contractual counterparty, then Nationstar would know and must plead this element.

### B. Nationstar Failed to Plead Defendants Had Discretionary Authority, As Needed to State an Implied Covenant Claim

Nationstar argues that it sufficiently pled its implied covenant claim simply by stating that Defendants breached the MSA. *See* Opp. 9–10. Nationstar is wrong, and the case it cites demonstrates why. In *Amoco Oil Co. v. Ervin*, the court explained, "[t]he duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." 908 P.2d 493, 498 (Colo. 1995), *as modified on denial of reh'g* (Jan. 16, 1996). Nationstar alleged only that Defendants "fail[ed] to ensure that the Services that [they] provided accurately and correctly performed the functions

3

required to make customer payments as intended." Opp. 9. But that is a far cry from pleading that Speedpay (or a successor) was granted discretion to unilaterally determine, in good faith, fundamental contract terms, such as quantity, price, or the time of performance.[2]

## II. The Court Should Dismiss Nationstar's Tort Claims

Nationstar does not oppose Defendants' argument that, if the Court holds that Nationstar's contract claims fail, then the tort claims also fail because they are derivative of Nationstar's deficient MSA allegations. *See* Mot. 8. Nationstar has thus abandoned this issue, requiring dismissal of these claims. *See Arkansas v. Wilmington Trust National Association*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue[.]."). Nationstar's tort claims fail for additional reasons.

### A. The DTSA, TUTSA, TTLA, and CFAA Claims Fail Because Nationstar Pled that It Provided NPI to Defendants

Nationstar's DTSA, TUTSA, TTLA, and CFAA claims fail because Nationstar pled that it gave Defendants its customers' NPI pursuant to the MSA. *See, e.g.*, Compl. ¶¶ 43–48. Even the press release that Nationstar improperly references[3]

---

[2] Nationstar purports to quote language from the MSA in support of its opposition. *See* Opp. 10, n. 6. But neither Nationstar nor Defendants have attached the MSA to their filings. Nationstar may not rely on MSA provisions out of context. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012).

[3] *See Gines*, 699 F.3d at 820 ("[A] district court may not 'go outside of the complaint.'").

4

makes this point clear. *See* Opp. 16 n.12 ("ACI used actual consumer data it had received from Mr. Cooper."). Nationstar fails to explain how these claims—which require Defendants to have misappropriated, stolen, and hacked NPI—can proceed when Nationstar pled that it gave NPI to Defendants under the MSA.

On the DTSA and TUTSA claims, Nationstar argues that Defendants acquired the NPI subject to the confidentiality terms of the MSA and then "recklessly cop[ied] and us[ed] the NPI for its own QA testing in a live production environment without Nationstar's authorization." Opp. 19. But this concedes that Defendants rightfully accessed NPI. The alleged wrongful act was not Defendants' accessing NPI but rather Defendants purportedly uploading NPI to a live production environment, which Nationstar says triggered the so-called "Incident."

The out-of-circuit cases that Nationstar cites in support of its DTSA and TUTSA claims are distinguishable. None permitted a trade secret claim to proceed where the plaintiff *gave* trade secrets to the defendant but was allegedly harmed by the defendant's subsequent use. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020) (defendant discovered trade secrets by taking aerial photographs of methanol plant); *Variable Annuity Life Insurance Co. v. Coreth*, 535 F. Supp. 3d 488, 515 (E.D. Va. 2021) (defendants surreptitiously took customer information, resigned, and used it to compete against plaintiff).

5

The DTSA and TUTSA claims also fail because Nationstar failed to plead the existence of a trade secret. Nationstar analogizes NPI to customer lists and information that can sometimes be trade secrets but no factual allegations in the Complaint justify that comparison. Indeed, Nationstar avoided alleging any facts that reveal what NPI is. *See, e.g.*, Compl. ¶¶ 4–7, 34–37. Nationstar also does not allege sufficient *facts* regarding its precautions to maintain the secrecy of NPI. Nationstar points to the MSA's confidentiality provision but much more detail is needed to plead this element. *See, e.g.*, *BRG Insurance Solutions LLC v. O'Connell*, 2017 WL 7513649, at *8 (N.D. Tex. July 18, 2017) (password-protected databases, confidentiality and nondisclosure agreements, and information only disseminated on a need-to-know basis).

Nationstar also failed to allege the independent economic value of the NPI's secrecy. *See* Compl. ¶ 94 (skipping this element). Nationstar's only response is to point to the alleged harms resulting from the "Incident," but that is insufficient. To plead this element, Nationstar needed to allege the value it derives from protecting NPI from its competitors, not the harm it allegedly sustained from a business partner's purported misuse.

Regarding its CFAA claim, Nationstar argues that *Van Buren v. U.S.*, 141 S.Ct. 1648 (2021) may be ignored "because it does not bear on the sufficiency of pleading at the 12(b)(6) stage." Opp. 21. To the contrary, *Van Buren* held that the

6

same CFAA theory alleged by Nationstar was foreclosed as a matter of law. The purpose of Rule 12 is to separate the wheat from the chaff at the pleading stage. Nationstar's attempted reliance on *Leitner v. Morsovillo* is misplaced because that plaintiff alleged the defendants "accessed data which was off-limits to them without her authorization or consent." 2021 WL 2669547, at *4 (W.D. Mo. June 29, 2021). By contrast, in *Van Buren* and here, the plaintiff alleged that the defendants accessed information available to them but then used it for an improper purpose.

      Nationstar concedes that its TTLA trade secret misappropriation claim is preempted but seemingly argues that it also pled a TTLA civil theft claim that is not preempted. *See* Opp. 20. That is wrong. *See* Compl. ¶¶ 131–38 (pleading only TTLA trade secret misappropriation claim). Even if Nationstar did, the Complaint does not state a TTLA civil theft claim because Nationstar alleged that Defendants misappropriated *copies* of NPI[4] rather than original data. *See BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, 2017 WL 2730739, at *15 (S.D. Tex. June 26, 2017) (holding the plaintiff "cannot maintain" a TTLA claim based on misappropriated *copies* of user guides and software but could move forward with TTLA claim based on theft of *physical USB devices that contained unique data*).

---

[4] Nationstar's Complaint and opposition are clear that Defendants allegedly accessed copies of NPI rather than taking the original NPI. *See* Opp. 19.

> **B.** **Nationstar Failed to Plead the Existence of Third Party Contracts, As Needed for Its Tortious Interference Claim**

In response to Defendants' argument that it must plead basic details about purported third party contracts to state a tortious interference claim, Nationstar only points to its allegation that "ACI knew of facts that would lead a reasonable person to conclude that Nationstar had contracts with its borrowers" and its accompanying recitation of the claim's elements. Opp. 24. That is insufficient. Nationstar must plead the existence and details of specific third party contracts and how Defendants allegedly interfered with them. *See Marek Vrother Sys. Inc. v. Enriquez*, 2019 WL 3322162, at *5 (N.D. Tex. July 24, 2019). Instead, Nationstar leaves Defendants and the Court to read between the lines, pile "inference upon inference," and guess at the basic facts of Nationstar's claim. *Tuck v. Methanex Management, Inc.*, 2006 WL 6581524, at *3 (N.D. Tex. Jan. 11, 2006).

> **C.** **The Negligence and Gross Negligence Claims Fail Because Nationstar Did Not Plead Defendants Owed a Special Duty of Care**

Nationstar waives its negligence claim by opposing Defendants' arguments in a footnote. *See White Glove Staffing*, 947 F.3d at 308. Absent waiver, Nationstar's negligence claims fails because it makes no legal argument in support of them, saying only that it pled "ACI (i) knew the risk of using NPI for QA testing in a live production environment; (ii) knew why it was a risk; and (iii) took specific actions that disregarded that risk." Opp. 25. Such vague allegations do not suffice because

8

they leave Defendants guessing at the nature of the purported risk, its extent, when they became aware of it, and how they disregarded it.

Nationstar also fails to rebut Defendant's argument that the negligence and gross negligence claims fail because Nationstar failed to plead that Defendants owed a special duty of care to Nationstar. *See Atrium Companies, Inc. v. ESR Assocs., Inc.*, 2012 WL 5355754, at *11 (S.D. Tex. Oct. 29, 2012).

### D.  The Economic Loss Doctrine Bars Nationstar's Tort Claims

Beyond the fact that Nationstar omits essential facts and affirmatively pleads facts that foreclose its tort claims, Nationstar's tort claims are barred by the Economic Loss Doctrine ("ELD"). Nationstar argues that the ELD does not apply if it can articulate a statutory or common law duty distinct from the MSA. That is wrong. The core inquiry in determining the applicability of the ELD is whether the claimed damages arose from the "breach of a duty created under contract, as opposed to a duty imposed by law." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011). Here, Nationstar expressly pled that the MSA is the ultimate source of duties and obligations that Defendants owed to Nationstar, including under each of its tort claims. Mot. 8–13.

Nationstar also argues that the ELD does not bar its tort claims because it pled reputational damages. *See* Opp. 13. But Nationstar's Complaint lacks any factual allegations regarding the nature or scope of its alleged reputational harm. As this

9

Court recently held, naked allegations of non-economic harm are no obstacle for the ELD. *See Suissi v. Wells Fargo Bank Nat'l Ass'n as Tr. for Soundview Home Loan Tr. 2007-OPT4, Asset-Backed Certificates, Series 2007-OPT4*, 2023 WL 2700721, at *5 (N.D. Tex. Mar. 29, 2023).

### III. The Complaint Should Be Dismissed for Group Pleading

Finally, Nationstar impermissibly relies upon group pleading, which requires dismissal of the Complaint. Mot. 24–26. Nationstar does not dispute using group pleading, but argues there is no obligation to differentiate between "corporate affiliates" in its pleading. Opp. 3. But the authorities Nationstar cites indicate no such thing and tolerate group pleading only where sufficiently clear "to put the defendants on notice as to who did what to whom, when, where and why" and hold that a complaint should be dismissed "where it is 'entirely implausible' or impossible for the grouped defendants to have acted as alleged." *ACQIS LLC v. Lenovo Grp. Ltd.*, 2022 WL 2705269, at *3 (W.D. Tex. July 12, 2022). Nationstar's allegations do not provide the necessary notice to Defendants and are incoherent and impossible as pled. *See* Mot. 24–25. For instance, Nationstar does not allege how all three Defendants can have acquired or merged with Speedpay and expressly assumed its contractual liabilities.

Furthermore, in a CFAA complaint, a plaintiff must plead fraud with the requisite particularity as to each of the defendants pursuant to Rule 9(b). *See SMH*

10

*Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 2021 WL 1226411, at *5 (E.D. La. Apr. 1, 2021). Nationstar's allegations lack the required precision and seem designed to get at the ultimate corporate parent—ACI Worldwide, Inc.—without alleging an alter ego theory or demonstrating why the parent is liable for its own role in the alleged wrongdoing.

Nationstar's estoppel argument is baseless. There is no inconsistency or inequity in permitting Defendants to use broad language when negotiating a waiver of liability (especially when Defendants denied the allegations against them), while requiring Nationstar to plead claims and facts against the appropriate entity.

## CONCLUSION

For the reasons stated above and in Defendants' Motion, the Court should dismiss Nationstar's Complaint.

Dated:  January 12, 2024

Respectfully submitted,

*/s/  Matthew A. Kairis*

Matthew A. Kairis  
Texas State Bar No. 24117376  
Jonathan D. Guynn  
Texas State Bar No. 24120232  
Timothy M. Villari  
Texas State Bar No. 24125870  
JONES DAY  
2727 North Harwood Street  
Dallas, TX 75201.1515  
Phone: (214) 969-3605  
Fax: (214) 969-5100  
Email: makairis@jonesday.com  
E-mail: jguynn@jonesday.com  
E-mail: tvillari@jonesday.com  

Courtney Snyder, Esq. (*pro hac vice pending*)  
JONES DAY  
500 Grant Street, Suite 4500  
Pittsburgh, PA 15219  
Phone:(412) 391-3939  
Fax:   (412) 394-7959  
Email: clsnyder@jonesday.com  

*Counsel for ACI Payments, Inc., ACI Worldwide Corp., and ACI Worldwide, Inc.*

## **CERTIFICATE OF WORD COUNT**

I certify that the foregoing reply brief contains less than 2,500 words, including footnotes and complies with the Court's Standing Order § II(A).

*/s/ Timothy M. Villari*
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed through the Court's ECF system on January 12, 2024, notice of which will be sent electronically to all counsel of record.

*/s/ Timothy M. Villari*
Attorney for Defendants
